RECEIVED
USDC, WESTERN DISTRICT OF
TONY R. MOORE, CLERK
7/13/15

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION<br>NO. 1:09-CR-00151 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| DARREN D. BROWN | MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Before the court is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 by petitioner Darren D. Brown ("Brown") on April 26, 2012 (Doc. 64). Brown is attacking his 2011 conviction, entered pursuant to a guilty plea, on one count of distribution of 50 grams of more of methamphetamine and his sentence of 240 months imprisonment (Doc. 64). Brown is presently incarcerated in the Federal Correctional Complex (Medium) in Yazoo City, Mississippi (Doc. )82). Brown raises the following grounds for relief:

> 1. Ineffective assistance of trial counsel for counsel's (1) failure to conduct an adequate pretrial investigation, and (2) failure to file any pretrial motions to test the strength of the government's case.
>
> 2. Ineffective assistance of trial counsel for failing to negotiate a better plea agreement, instead of merely accepting the government's initial offer.
>
> 3. Ineffective assistance of trial counsel at sentencing due to counsel's (1) failure to file any objections to the presentence investigation report, (2) failure to challenge defendant's prior drub conviction, and (3) failure to challenge defendant's criminal history category.

    4. Ineffective assistance of trial counsel for failure to file a notice of appeal at defendant's request.

The United States filed a brief in response to Brown's motion (Doc. 78). Brown's Section 2255 motion is now before the court for disposition.

    This motion is before the undersigned Magistrate Judge for initial review. See 28 U.S.C. § 2255 and Rule 4(b) of the Federal Rules Governing Section 2255 Proceedings For the United States District Courts, which states in part, "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate."

Law and Analysis

<u>The Law of §2255 Actions</u>

    There are four grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack". 28 U.S.C. § 2255; <u>United States v. Cates</u>, 952 F.2d 149, 151 (5th

Cir.), cert. den., 504 U.S. 962, 112 S.Ct. 2319 (1992). The scope of relief under § 2255 is consistent with that of the writ of habeas corpus. Cates, 952 F.2d at 151. Also, U.S. v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).

In the case at bar, Brown did not appeal his conviction and sentence. Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992). Also, U.S. v. Ressler, 54 F.3d 257, 259 (5th Cir. 1995). A collateral challenge may not do service for an appeal. After conviction and exhaustion and waiver of any right to appeal, the federal courts are entitled to presume that the defendant stands fairly and finally convicted. U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. den., 502 U.S. 1076, 112 S.Ct. 978 (1992). Even if a defendant raises a constitutional error, he may not raise an issue for the first time on collateral review without showing both cause for his procedural default and actual prejudice resulting from the error. U.S. v. Mimms, 43 F.3d 217, 219 (5th Cir. 1995), and cases cited therein. The cause and prejudice test, however, does not apply to claims of ineffective assistance of counsel which are ordinarily brought for the first time on

collateral review. U.S. v. Gaudet, 81 F.3d 585, 589 n.5 (5th Cir. 1996), citing U.S. v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). Also, U.S. v. Acklen, 47 F.3d 739, 742 (5th Cir. 1995).

Since Brown's grounds for relief all claim ineffective assistance of counsel, it was unnecessary for him to initially raise those claims on direct appeal.

Ineffective Assistance of Counsel

In a habeas or Section 2255 proceeding alleging ineffective assistance of counsel, the petitioner has the burden of proof. U.S. v. Chavez, 193 F.3d 375, 378 (5th Cir. 1999), citing Clark v. Collins, 19 F.3d 959, 964 (5th Cir. 1994), cert. den., 513 U.S. 966, 115 S.Ct. 432 (1994). To establish that his legal representation at trial fell short of the assistance guaranteed by the Sixth Amendment, a convicted defendant must meet the two-pronged test set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He must show that his counsel's performance was both deficient (i.e., that counsel did not provide reasonably effective assistance under prevailing professional norms) and prejudicial (i.e., that errors by counsel "actually had an adverse effect on the defense). The former component of the test authorizes only "highly deferential" judicial scrutiny, requiring the defendant to overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. On the latter component, it is not enough for the defendant to show that the errors had some conceivable

4

effect on the outcome of the proceeding; rather, he must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Anderson v. Collins, 18 F.3d 1208, 1215 (5th Cir. 1994), and cases cited therein. Also, U.S. v. Segler, 37 F.3d 1131, 1136 (5th Cir. 1994).

In the context of a guilty plea, a petitioner must prove not only that his attorney actually erred, but also that he would not have pleaded guilty but for the error. Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994), cert. den., 514 U.S. 1071, 115 S.Ct. 1709 (1995).

In showing he was rendered ineffective assistance of counsel in regard to his sentence, a petitioner must additionally show there was a "reasonable probability that, but for trial counsel's errors, the defendant's non-capital sentence would have been significantly less harsh; relevant factors are the defendant's actual sentence, the potential minimum and maximum sentences that could have been received, the placement of the actual sentence within the range of potential sentences, and any relevant mitigating or aggravating circumstances. U.S. v. Segler, 37 F.3d at 1136.

### 1. Pretrial Investigation

First, Brown contends he had ineffective assistance of trial counsel because his attorney failed to conduct an adequate pretrial investigation, and failed to file any pretrial motions to test the

strength of the government's case. Brown points out that no pretrial motions by defense counsel are filed in the record of this case. Brown contends the pretrial motions would have tested the strength of the government's case.

Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993), citing Strickland v. Washington, 466 U.S. 668, 691, 104 S.Ct. 1052, 2066 (1984). A determination of whether an investigation is reasonable adequate depends upon a variety of factors, including the number of issues in the case, the relative complexity of those issues, the strength of the Government's case, and the overall strategy of trial counsel. Baldwin v. Maggio, 704 F.2d 1325, 1333 (5th Cir. 1983), cert. den., 467 U.S. 1220, 104 S.Ct. 1669 (1984). However, bare allegations do not suffice. A defendant or petitioner who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. Nelson, 989 F.2d at 850, citing United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). Under Strickland, even where trial counsel has failed to adequately investigate a case, a defendant must demonstrate that he has been prejudiced by his counsel's failure. See Lockhart v. McCotter, 782 F.2d 1275, 1282 (5th Cir.1986), cert. den., 479 U.S. 1030, 107 S.Ct. 873 (1987). To show prejudice, the petitioner must prove that an alleged breach of

6

his attorney's duty to investigate resulted in an actual and substantial disadvantage to the course of his defense. <u>Baldwin</u>, 704 F.2d at 1333.

Although there are no discovery requests filed in the record of this case, it is the usual practice in the local United States Attorney's office for the Assistant United States Attorney in charge of the case to open his or her file to defense counsel and provide copies of everything in the file, without defense counsel having to file a request for discovery. While this practice simplifies handling a case for both defense and government attorneys, it does tend to mislead defendants into believing their counsel did not do anything to prepare their defense and makes it difficult for the courts to assess what was done.

In any event, Brown has not alleged what further discovery would have revealed or that, had his attorney conducted further discovery, it would have revealed evidence favorable to the his defense and he would not have pleaded guilty.

Therefore, Brown has not carried his burden of proving specifically how he prejudiced by his attorney's failure to conduct further discovery. This ground for relief is meritless.

### 2. Plea Agreement

Next, Brown contends his trial counsel was ineffective for failing to negotiate a better plea agreement, instead of merely accepting the government's initial offer. Brown argues that, because his attorney failed to conduct any actual trial

preparation, there was no way he could in good conscience recommend that Brown accept the plea offer because he did not have all of the facts of the case.

Defense counsel has a constitutional duty to know or learn about the relevant law and evaluate its application to his or her client, particularly when a plea bargain is discussed, and hence sentencing becomes the client's preeminent concern. Finch v. Vaughn, 67 F.3d 909, 916-917 (11th Cir. 1995), citing Correale v. Unite States, 479 F.2d 944, 949 (1st Cir. 1973). When a defendant pleads guilty on the advice of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences. To prove that counsel was ineffective, the defendant must demonstrate that the advice was not within the range of competence demanded of attorneys in criminal cases. Beckham v. Wainwright, 639 F.2d 262, 267 (5th Cir. 1981) (court held that the advice of counsel fell outside the range of competence of attorneys in criminal cases where defendant voluntarily entered a guilty plea on the advice of counsel based on the assurance of a five-year sentence, then agreed to withdraw that plea on the representation of his attorney that the five-year sentence remained in effect although the attorney had no basis to assume that if defendant was found guilty, he was assured of only a five-year sentence), quoting Tollett v. Henderson, 411 U.S. 258, 266, 93 S.Ct. 1602, 1607 (1973).

Brown pleaded guilty to only count three of a three count

indictment and was sentenced to twenty years imprisonment.

Brown had two prior final felony drug convictions. Brown pleaded guilty to distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii), and only one prior final drug felony conviction was counted. Therefore, Brown's minimum possible prison sentence was twenty years imprisonment and the maximum possible sentence was life imprisonment.[1]

Brown contends his attorney should have negotiated to drop the second prior drug conviction, so he would have a lesser amount of time incarcerated. However, that is exactly what Brown's attorney did; the second prior felony drug conviction was not included so that Brown would not face the mandatory life imprisonment sentence (Doc. 69, Tr. p. 3/29). Had the second prior final felony drug conviction been counted, Brown would have received a mandatory sentence of life imprisonment.

Therefore, but for Brown's attorney's plea negotiations, Brown would have been imprisoned for life. Instead, Brown was convicted and sentenced on only one count and received the minimum possible sentence of twenty years.

As discussed above, the lack of pretrial motions in the record

---

[1] The two counts that were dropped were a conspiracy count for distributing 50 grams or more of methamphetamine, for which the possible prison sentence was twenty years minimum to life, and one count for distribution of five grams or more of methamphetamine, for which the possible prison sentence is ten years minimum to life.

does not indicate a lack of trial preparation by defense counsel, given the open file policy of the government in this district. In any event, it is clear that, regardless of the amount of negotiating that took place, the defendant received a very favorable plea bargain, with the dismissal of two of the three counts, an agreement not to count one of his prior final felony drug convictions, and imposition of the minimum possible sentence. Brown has not carried his burden of proving that his counsel gave him erroneous advice and that, but for his attorney's advice, he would not have pleaded guilty.

This ground for relief is meritless.

### 3. Pre-Sentence Report

Next, Brown contends his attorney erred in failing to file any objections to the pre-sentence investigation report, failing to challenge defendant's prior drug conviction, and failing to challenge defendant's criminal history category.

There were no objections to the pre-sentence report by either the defense or the prosecution. Brown contends his attorney should have objected to the report, challenged his prior drug conviction, and challenged his criminal history category, but has not specified what grounds the objections should have raised and how they would have changed his sentence. Brown has not explained exactly what errors were made.

Since Brown has not carried his burden of proving what objections should have been made to the pre-sentence report, he has

not shown that he had ineffective assistance of counsel.  This ground for relief is also meritless.

### 4. Notice of Appeal

Brown further contends he had ineffective assistance of counsel when his attorney failed to file a notice of appeal at defendant's request.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the assistance of counsel.  The Supreme Court has stated that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.  <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477, 120 S.Ct. 1029, 1035 (2000).  This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice.  Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently.  <u>Roe</u>, 528 U.S. at 477, 120 S.Ct. at 1035, citing <u>Jones v. Barnes</u>, 463 U.S. 745, 751, 103 S.Ct. 3308 (1983) (accused has ultimate authority to make fundamental decision whether to take an appeal).  When counsel fails to file a requested appeal, a defendant is entitled to an appeal without showing that

11

his appeal would likely have merit. <u>Peguero v. United States</u>, 526 U.S. 23, 28, 119 S.Ct. 961 (1999). A defendant is not required to identify specific issues or show a likelihood of success on the merits if counsel's deficient performance deprived him of the appellate proceeding altogether. <u>Roe</u>, 528 U.S. at 477, 120 S.Ct. at 1029.

The record shows that the plea agreement did not waive Brown's right to appeal. However, the record does not show that Brown actually requested that his attorney file an appeal. The Fifth Circuit has stated that, if the evidence does not "conclusively show" whether the petitioner requested that counsel file an appeal, then the district court should hold an evidentiary hearing on the issue. <u>Higgins</u>, 459 Fed.Appx. at 413, citing <u>Tapp</u>, 491 Fed.3d at 266.

Therefore, an evidentiary hearing should be held to determine whether Brown can show, by a preponderance of the evidence, that he asked his attorney to file an appeal; if he can show that, prejudice will be presumed and he is entitled to file an out-of-time appeal, regardless of whether he is able to identify any arguably meritorious grounds for appeal. See <u>U.S. v. Higgins</u>, 459 Fed.Appx. 412, 413 (5th Cir. 2012); <u>U.S. v. Tapp</u>, 491 F.3d 263, 265 (5th Cir. 2007); <u>U.S. v. Albarran-Moreno</u>, 70 Fed.Appx. 215 (2003) (remand to determine whether defendant, who was convicted pursuant to a guilty plea, requested that his attorney file an appeal).

Therefore, it is recommended that an evidentiary hearing be

held to determine whether Brown asked his attorney to file an appeal. If he did ask him to do so, then Brown should be granted an out-of-time appeal.

## Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that an EVIDENTIARY HEARING BE HELD to determine whether Brown asked his attorney to file an appeal or a notice of appeal. If Brown shows by a preponderance of the evidence that he asked his attorney to file a notice of appeal, then Brown should be granted an out-of-time appeal.

IT IS FURTHER RECOMMENDED that Brown's Section 2255 motion be DENIED as to all other issues.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this**

Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Alexandria, Louisiana on the 13th day of July 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

14