DISTRICT OF LOUISIANA
RECEIVED
OCT 22 2015
TONY R. MOORE, CLERK
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES | DOCKET NO.: 1:09-151 |
| VERSUS | |
| | JUDGE DEE D. DRELL |
| DARREN D. BROWN | MAGISTRATE JUDGE JAMES D. KIRK |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Before the court is a motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. §2255 by petitioner, Darren D. Brown (Doc. 64). Brown, who entered a guilty plea to one count of distribution of 50 grams or more of methamphetamine, attacks his 2011 conviction and sentence of 240 months imprisonment. Brown is presently incarcerated in the Federal Correctional Complex (Medium) in Yazoo City, Mississippi (Doc. 82).

### Procedural History

Brown filed his §2255 motion on April 26, 2012. In it, he asserted four grounds for ineffective assistance of counsel: (1) failure to conduct an adequate pretrial investigation and failure to file any pretrial motions to test the strength of the government's case; (2) failure to negotiate a better plea agreement; (3) failure to file objections to the presentence report, challenge defendant's prior drug conviction and challenge defendants criminal history category; and 4) failure to file a notice of appeal at defendant's request.

On July 13, 2015, I issued a report and recommendation recommending denial of all of Brown's claims except his ineffective assistance of counsel claim for failure to file a notice of appeal at

his request. As to that claim, I recommended that an evidentiary hearing be held to determine whether or not Brown requested counsel file an appeal or notice of appeal. (Doc. 84) The district judge adopted the report and recommendation as written on August 19, 2015 (Doc. 85), and he later issued an order setting an evidentiary hearing before me on October 22, 2015 (Doc. 92).

On October 19, 2015, counsel for Brown filed a pre-hearing memorandum (Doc. 98). Attached thereto was the affidavit of George L. Higgins III, Brown's trial counsel. In the affidavit, Mr. Higgins stated:

> Although affiant recalls a discussion concerning an appeal, he does not remember either the content or the conclusion of said discussion. Affiant cannot remember whether or not Mr. Brown requested that the affiant file a notice of appeal or appeal on his behalf. What the affiant does remember and attests to is that it was affiant's opinion that Mr. Brown did not have any appealable issues.

During a telephone conference on October 20, 2015, the parties agreed a hearing was not necessary in light of the evidence before the court and the fact they had no additional evidence to offer. Not only had Mr. Higgins affidavit been filed but Brown's statements in his §2255 motion were made under penalty of perjury; therefore, pursuant to 28 U.S.C. §1746, the statements regarding requesting his attorney file an appeal could be viewed with the same force and effect as if they were set forth in an affidavit.

Accordingly, the matter is ripe for a supplemental report and recommendation.

Law and Analysis

Brown contends his counsel was ineffective assistance because he failed to file a notice of appeal as Brown request.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the assistance of counsel. The Supreme Court has stated that a lawyer who disregards specific instructions to file a notice of appeal acts in a manner that is professionally unreasonable. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. In United States v. Rivas, 450 Fed.Appx. 420 (5th Cir.2011)(per curiam)(unpublished), the Fifth Circuit found the prejudice prong articulated in Strickland v. Washington, 466 U.S. 668, 688 (1984) was satisfied where the defendant instructed counsel to file an appeal but counsel failed to do so. Rivas, 420 Fed.Appx. at 428-29.

At the other end of the spectrum, a defendant, who explicitly tells his attorney not to file an appeal, cannot later complain that, by following his instructions, his counsel performed deficiently. Roe, 528 U.S. at 477, citing Jones v. Barnes, 463 U.S. 745, 751 (1983)(accused has ultimate authority to make fundamental decision whether to take an appeal). When counsel fails to file a requested appeal, a defendant is entitled to an appeal without showing that his appeal would likely have merit. Peauero v. United States, 526 U.S.

3

23, 28 (1999). A defendant is not required to identify specific issues or show a likelihood of success on the merits if counsel's deficient performance deprived him of the appellate proceedings altogether. Roe, 528 U.S. at 477.

Brown has shown by a preponderance of the evidence that he asked his attorney to file an appeal. Accordingly, prejudice is presumed and Brown is entitled to file an out-of-time appeal. See U.S. v. Higgins, 459 Fed.Appx. 412, 413 (5th Cir.2012); U.S. v. Tapp, 491 Fd.3d 263, 265 (5th Cir.2007); U.S. v. Albarran-Moreno, 70 Fed.App. 215 (2003)(remand to determine whether defendant, who was convicted pursuant to guilty plea, requested that his attorney file an appeal).

## Conclusion

Therefore, IT IS HEREBY RECOMMENDED that Brown be GRANTED an out-of-time appeal.

## Objections

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before making a final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana on this 22nd day of October, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

5