UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:09-CR-00151-01** |
| **VERSUS** | **JUDGE DRELL** |
| **DARREN D BROWN (01)** | **MAGISTRATE JUDGE KIRK** |

## RULING AND ORDER

Before the Court is the Letter Motion of Defendant Darren D. Brown ("Mr. Brown") requesting a reduction of sentence. Though not specified in the Letter Motion, Mr. Brown is presumptively requesting a modification of an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A) and 18 U.S.C. § 3582(c)(2). Having carefully reviewed the record in this case, as well as relevant law and jurisprudence, the court has determined that the motion will be DENIED for the reasons fully explained below.

### I.     BACKGROUND

Mr. Brown pleaded guilty to distribution of methamphetamine in February 2011. (Doc. 47). He was sentenced to a term of two hundred and forty (240) months imprisonment in April 2011. (Doc. 55). Mr. Brown filed a Motion for Compassionate Release in February 2021 (Doc. 105), which was denied for failure to exhaust his administrative remedies. (Doc. 114). The Court also advised Mr. Brown that based on his request, exhaustion would be insufficient to obtain relief under § 3582(c)(1)(A) for want of extraordinary and compelling circumstances.

After exhaustion of his administrative remedies, Mr. Brown filed a Motion for Reconsideration in April 2021 (Doc. 115), which was denied in October 2021. (Doc. 116). Among the basis for his requested relief in the Motion for Compassionate Release and the Motion for Reconsideration was a change in law and application of 21 U.S.C. § 851 enhancements. Mr. Brown

1

asserted that he would have been sentenced to 180 months instead of 240 months if he were sentenced today due to the First Step Act because of the 851 enhancements. This argument was addressed and denied in both orders. (Docs. 114 and 116).

Mr. Brown has since been released and appears to be a productive member of society. According to his Letter Motion he has reentered society on home confinement, maintains stable employment, has removed negative people from his life, has become a better family man, and has otherwise rehabilitated himself. He requests this Court reduce his sentence so that he can continue to grow within said company and reasserts the 21 U.S.C. § 851 enhancement arguments previously denied.

According to Bureau of Prisons records, Mr. Brown is currently set to be released from home confinement on September 30, 2024, at which time he will be subject to a term of supervised release.

## II.  LAW AND ANALYSIS

### a. Reduction Based on § 851 Enhancements

Mr. Brown has previously moved this Court for a reduction of his sentence based on changes in law that he asserts would have resulted in a lower sentence than he was originally awarded. This Court rejected those arguments and no new information has been provided for us to reconsider. Accordingly, Mr. Brown's Letter Motion must be DENIED.

### b. Reduction Based on Rehabilitation

After exhaustion of remedies, a defendant may motion the court for a reduction in their term of imprisonment. 18 U.S.C. § 3582(c)(1)(A). The defendant must show that "extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A);

see also <u>United States v. Shkambi</u>, 993 F.3d 388, 392 (5th Cir. 2021). For a brief period, the Sentencing Commission failed to update its sentencing guidelines regarding motions to modify sentence filed by defendants instead of the Bureau of Prisons. The failure of the Sentencing Commission to update its guidelines had the practical effect of lifting district courts from consideration of the Sentencing Commission policy statements. <u>Id.</u> The Sentencing Commission cured that failure on November 1, 2023, when it adopted the Supplement to Appendix C. U.S.S.G. 1B1.13. District courts must now again give weight to the policy statements issued by the Sentencing Commission. Importantly, the policy statements, in congruence with 28 U.S.C. 994(t), expressly prohibit considering rehabilitation of the defendant, by itself, an extraordinary and compelling reason for purposes of a reduction in a defendant's sentence. U.S.S.G. 1B1.13(d).

Mr. Brown asserts nothing further than his rehabilitation as new grounds for a reduction of his sentence. While this Court is pleased to see that Mr. Brown has reintegrated himself with his family and maintained steady employment, these alone cannot satisfy a reduction in sentence. Fortunately for Mr. Brown, his period of home confinement appears to end on September 30, 2024, at which time he will receive the relief he has requested today and be placed in supervised release.

### III. CONCLUSION

For the reasons enumerated above, it is hereby **ORDERED** that Mr. Brown's Letter Motion for Sentence Reduction is **DENIED**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 29th day of May, 2024.

Dee D. Drell
United States District Judge

3